**1422**

William S. BIEL, Jr.

v.

AIRLINE PILOTS ASSOCIATION.

Civ. A. No. 85-0772-R.

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 1, 1985.

Maurice H. Bell, Jr., Bell & Kaestner, Richmond, Va., for plaintiff.

James A. Vergara, Jr., Hopewell, Va., Eugene B. Granof, Legal Dept., Air Line Pilots Assn., Int'l, Washington, D.C., for defendant.

## OPINION AND ORDER

*WARRINER*, District Judge.

Presently before the Court is defendant's petition for removal, filed on 4 October 1985. Defendants assert that jurisdiction of this Court lies under 28 U.S.C. §§ 1331 and 1337, *i.e.*, defendants assert that they have a cause of action arising under the federal Constitution or federal statute and under an Act of Congress regulating commerce. Specifically, defendants assert that plaintiff's State court complaint "in essence alleges a breach of the duty of fair representation by [defendant] which arises under the substantive provisions of the Railway Labor Act, 45 U.S.C. § 151, *et seq.*" Petition for Removal of Defendant Air Line Pilots Association, at 2. Plaintiff has responded to the petition for removal by filing a motion for remand.

Plaintiff, a member of the Airline Pilots Association (ALPA), a labor union, alleges in his State motion for judgment that ALPA contracted to provide plaintiff as a benefit of his ALPA membership the assistance of an attorney to represent him "in any contested loss of license claim involving an ALPA-sponsored loss-of-license insurance policy." Plaintiff's Motion for Judgment at 1. Plaintiff suffered such a loss of license and ALPA declined to provide him with assistance of counsel in handling the claim. Plaintiff therefore hired a lawyer at his own expense to assist him in lieu of legal assistance to which he was entitled under ALPA-sponsored loss-of-license insurance. In his motion for judgment, plaintiff sought a judgment against ALPA for the amount he paid in attorney's fees.

Congress has specified that the provisions of the Railway Labor Act, with an exception not here pertinent, apply to carriers by air. 45 U.S.C. § 181. In actions in which the duty of fair representation by a labor union is an issue, the provision of the Railway Labor Act almost invariably liti-

gated is § 2, 45 U.S.C. § 152, which specifies the general duties of carriers, their officers, agents, and employees, and the unions.

My research uncovered only one case involving a Railway Labor Act fair representation claim in which, as here, a union refused to represent an employee pursuing a claim under a union-sponsored insurance policy. In *Archer v. Airline Pilots Association International,* 609 F.2d 934 (9th Cir. 1979), *cert. denied,* 446 U.S. 953, 100 S.Ct. 2920, 64 L.Ed.2d 810 (1980), the plaintiff, a member of the ALPA, had obtained coverage under several group life insurance policies made available by his employer, Braniff Airways. The plaintiff became totally disabled and retired from employment with Braniff. He filed a claim for disability benefits as provided under the terms of the insurance policies. The insurance company refused to pay under one of the policies and the plaintiff complained to ALPA. The union investigated plaintiff's claim and informed him that it would take no action; the union suggested that plaintiff could sue the insurance company at his own expense. The plaintiff then retained a private attorney, who obtained the full amounts of the benefits requested by plaintiff. Plaintiff paid the privately retained lawyer. *Id.* at 937.

The plaintiff then filed an action against ALPA, charging the union with having breached its duty of fair representation by declining to represent the plaintiff in his claim against the insurance company. ALPA argued that it was under no legal obligation to handle the plaintiff's insurance claim and moved for summary judgment. Summary judgment was granted by the district court. *Id.* at 937.

The Ninth Circuit affirmed the district court, holding that the plaintiff had failed to state a claim upon which relief could be granted. *Id.* at 938. The court noted that in order to state a good claim the plaintiff "had to allege that [the union] owed him a duty to process his grievance in accordance with the standards of the fair representation doctrine, that [the union] breached that

duty, and that as a consequence he had to pay the [lawyer's] fee." *Id.*

The Ninth Circuit found that the plaintiff had failed to state a claim because he could not allege that the union owed him a duty to fairly represent him with respect to the insurance claim. The court held that neither statute nor the collective-bargaining agreement empowered or required the union to act as the employees' bargaining agent with respect to insurance coverage. *Id.* at 938–39.

Although *Archer* involved review of a summary judgment while the present action concerns a petition for removal, in both cases the central issue is whether plaintiff has stated a federal claim. The claim in the present action, as in *Archer,* seeks recovery of legal fees which were paid to recover benefits allegedly due plaintiff under an insurance policy. In both cases, the plaintiffs assert that the union was obligated to provide legal counsel to prosecute plaintiffs' claims against the respective insurance company. As in *Archer,* ALPA in the present action is not statutorily empowered or required to provide any assistance respecting plaintiff's grievance against the insurance company nor is any such representation required of ALPA under the provisions of a collective bargaining contract.

The Supreme Court held in *International Brotherhood of Workers v. Foust,* 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979), that under the fair representation doctrine, "a union must represent fairly the interest of all bargaining-unit members during the negotiation, administration, and enforcement of collective-bargaining agreements." *Id.* at 47, 99 S.Ct. at 2125. It is not apparent from the papers filed by the parties that a collective bargaining agreement even exists between ALPA and the employer in this case. Neither party's pleadings refer to a collective bargaining agreement specifying a duty owed by ALPA to plaintiff. Nor does either party assert that ALPA was obligated in any way under a collective bargaining agreement to provide representation to plaintiff in pursuing his insurance claim.

I acknowledge that the Fourth Circuit recently confirmed the rule that an action seeking damages for injury caused by a breach of a union duty of fair representation was judicially cognizable " 'even if the conduct complained of was arguably protected or prohibited by the National Labor Relations Act[1] and whether or not the lawsuit was bottomed on a collective agreement.' " *Beck v. Communications Workers of America,* 776 F.2d 1187, 1204 (4th Cir.1985) (*quoting Amalgamated Association of Street, Electric Railway & Motor Coach Employees v. Lockridge,* 403 U.S. 274, 299, 91 S.Ct. 1909, 1924, 29 L.Ed.2d 473 (1971)). In *Beck,* non-union employees in a union shop sued the union to recover that portion of agency fees paid to the union which were not used for purposes related to collective bargaining, contract administration, and grievance adjustment. *Beck,* at 1189. The Fourth Circuit held in *Beck* that the federal courts had jurisdiction under 28 U.S.C. § 1337 because:

> [T]he union's rights and obligations arise out of an agency contract authorized under a federal statute. Under that federally authorized contract, the union derives its right to collect a service charge from objecting employees. The rights of the union thus derived from an agreement, the context of which—so far as the collection of the dues-equivalent—is controlled by federal laws declared by the Supreme Court.

*Id.,* slip op. at 1205. The present action differs from *Beck* in that the relevant content of the agreement or contract at issue

is not controlled by federal law. The conduct complained of by plaintiff is not even "arguably protected or prohibited" by the Railway Labor Act. *See Amalgamated Association of Street, Electric Railway & Motor Coach Employees v. Lockridge,* 403 U.S. at 299, 91 S.Ct. at 1924.[2]

These cases indicate that as a matter of law an action grounded on the fair representation doctrine would not emerge from the facts alleged in this case. The plaintiff does not assert in his complaint that the provisions of a collective-bargaining agreement are implicated in this action. Neither party presents any allegation that the "negotiation, administration, [or] enforcement" of any other agreement with the employer is involved in this dispute. *See Foust,* 442 U.S. at 47, 99 S.Ct. at 2125. Defendant also fails to demonstrate, and I cannot discover myself, any section of the Railway Labor Act which even arguably may be implicated by the allegations in plaintiff's removed motion for judgment. As in *Archer* the defendant simply has failed to state a claim under the fair representation, or any other, federal doctrine.

Defendant's petition does not assert any other basis for federal jurisdiction over this action other than the declared fair representation claim. A federal court deciding a question of federal jurisdiction on the basis of a federal question for removal purposes is required to determine the existence of jurisdiction from the face of the complaint. *Burgess v. Charlottesville Savings & Loan Association,* 477 F.2d 40,

---

1. The Fourth Circuit stated in *Beck v. Communications Workers of America,* 776 F.2d 1187 (4th Cir.1985), that section 8(a)(3) of the NLRA (at issue in *Beck* ) and section 2, Eleventh of the Railway Labor Act (at issue in the present action) were virtually identical in language and legislative purpose. The court went on to say that "[i]t is inconceivable that two such statutes would be construed differently. For this reason it seems fair to assume that the construction given one by the Supreme Court would be equally applicable to the other . . . " *Id.,* at 1197–1198.

2. I recognize that the Fourth Circuit's opinion in *Beck* implied that union conduct unrelated to a

collective bargaining agreement or to a federal statute could nevertheless violate the duty of fair representation. *Beck,* at 1203–1204. In *Beck,* however, the Fourth Circuit addressed this exceptional form of the violation of a duty of fair representation within the specific context of a union's compelling the payment of dues used for purposes unrelated to collective bargaining. *Id.,* at 1203–1204. That situation does not present itself here, and I am unwilling to extend the boundaries of the fair representation doctrine in the absence of any basis for doing so founded upon a federal statute or a collective bargaining agreement.

43–44 (4th Cir.1973); *see also* Wright, Miller & Cooper, *Federal Practice and Procedure,* Jurisdiction 2d § 3722, at 255–60 (1985). The face of plaintiff's State court motion for judgment does not implicate any federal statute or any cognizable federal claim. It appears to allege no more than a State contract claim. This Court therefore may not exercise jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1337.

Plaintiff's motion to remand this case to State court is GRANTED and the case is REMANDED to the Circuit Court for the City of Richmond, Virginia.

And it is so ORDERED.